1  JOHN R. CLIFFORD, ESQ. (SBN 124203)
   MARTY B. READY, ESQ. (SBN 239135)
2  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
3  401 West A Street, Suite 1900
   San Diego, CA 92101
4  Telephone: (619) 321-6200
   Facsimile: (619) 321-6201
5  Email: john.clifford@wilsonelser.com
          marty.ready@wilsonelser.com
6
   Attorneys for Defendant
7  Apple Tree International Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P IMPORTS, LLC, a California Limited Liability Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE TREE INTERNATIONAL CORP. and Does 1-10 Inclusive, <br><br> Defendants. | Case No. 8:18-cv-01542 AG (KESx) <br><br> **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF P&P IMPORTS LLC'S FIRST AMENDED COMPLAINT** <br><br> Judge:      Hon. Andrew J. Guilford <br> Location:   Courtroom 10D <br><br> Magistrate: Hon. Karen E. Scott <br> Location:   6D |

# ANSWER

Defendant Apple Tree International Corp. ("Apple Tree") hereby answers the Complaint filed by Plaintiff P&P Imports LLC ("P&P"), as follows:

## NATURE OF THE ACTION

1. The allegations in paragraph 1 constitute statements and legal conclusions to which no response is required. To the extent a response is required, Apple Tree admits that P&P purports to bring this action for copyright infringement under federal law, false advertising under federal and California law, trade dress infringement under federal and California common law, unfair competition under federal and California law, and related state claims. Apple Tree denies all remaining allegations in paragraph 1.

## THE PARTIES

### Plaintiff P&P

2. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 2, and on that basis denies them.

### Defendant

3. Apple Tree admits that it is a corporation incorporated and existing under the laws of the State of California. Apple Tree denies all remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 constitute statements and legal conclusions to which no response is required. To the extent a response is required, Apple Tree denies the allegations set forth in paragraph 4.

5. The allegations in paragraph 5 constitute statements and legal conclusions to which no response is required. To the extent a response is required, Apple Tree denies the allegations in paragraph 5.

6. The allegations in paragraph 6 constitute statements and legal conclusions to which no response is required. To the extent a response is required,

1  Apple Tree denies the allegations in paragraph 6.

2      7.    Deny.

## FACTS

### P&P'S ACTIVITIES

8. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8, and on that basis denies them.

### P&P'S BACKGROUND AND HISTORY OF TWO COLLEGE FRIENDS LAUNCHING THEIR DREAMS

9. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9, and on that basis denies them.

10. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10, and on that basis denies them.

11. Deny.

### P&P'S COPYRIGHTED WORKS AND PRODUCT WHICH DEFENDANT COPIED IDENTICALLY IN MARKETING DEFENDANT'S PRODUCTS

12. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12, and on that basis denies them.

13. Apple Tree refers to the purported copyright registration certificate, attached to the Complaint as Exhibit 1, and the purported picture taken by P&P, attached to the Complaint as Exhibit 2, and denies the allegations in paragraph 13 that are inconsistent with the contents of Exhibit 1 and Exhibit 2. Apple Tree specifically denies that P&P's Football Field Cornhole Set is identical to the F2C brand product. Apple Tree further denies that Exhibit 2 depicts Apple Tree's product. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 13, and on that basis denies them.

14. Deny.

15. Deny.

16. Deny.

17. Apple Tree refers to the letter, attached to the Complaint as Exhibit 3, and certified mail receipts, attached to the Complaint as Exhibit 4, and denies the allegations in paragraph 17 that are inconsistent with the contents of Exhibit 3 and Exhibit 4. Apple Tree denies all remaining allegations in paragraph 17.

### P&P'S INFRINGED TRADE DRESSES

18. Apple Tree refers to the purported depictions of P&P's SLAMMO TRADE DRESS, GIANT FOUR IN A ROW TRADE DRESS, and RED AND BLUE CORNHOLE SET TRADE DRESS, attached to the Complaint as Exhibits 5, 7, and 9 respectively, and the purported respective product design, attached to the Complaint as Exhibits 6, 8, 10, and 15 and denies the allegations in paragraph 18 that are inconsistent with the contents of Exhibits 5, 6, 7, 8, 9, 10, and 15. Apple Tree denies all remaining allegations in paragraph 18.

19. Apple Tree denies that P&P has created new designs with strong branding which have a unique style and look that are separate and distinct from that of any competitor for similar products. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 19, and on that basis denies them.

20. Apple Tree denies that it P&P has protectable trade dress and that Apple Tree has infringed on P&P's trade dresses. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 20, and on that basis denies them.

21. Deny.

### SLAMMO TRADE DRESS

22. Apple Tree refers to the image of P&P's Slammo brand roundnet game, attached to the Complaint as Exhibit 5, and denies the allegations in paragraph 22 that are inconsistent with the contents of Exhibit 5. Specifically, Apple Tree denies that P&P has protectable trade dress. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in

1  paragraph 22, and on that basis denies them.

2    23. Apple Tree refers to the purported image of Apple Tree's Roundnet Trade Dress side-by-side with P&P's Slammo Trade Dress, attached to the Complaint as Exhibit 6, and denies the allegations in paragraph 23 that are inconsistent with the contents of Exhibit 6. Apple Tree specifically denies that P&P has protectable trade dress and that P&P's Slammo Trade Dress is identical to the F2C Roundnet Trade Dress. Apple Tree further denies that Exhibit 6 depicts Apple Tree's product. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 23, and on that basis denies them.

## **GIANT FOUR IN A ROW TRADE DRESS**

  24. Apple Tree refers to the image of P&P's Giant Four In A Row game, attached to the Complaint as Exhibit 7, and denies the allegations in paragraph 24 that are inconsistent with the contents of Exhibit 7. Apple Tree specifically denies that P&P's alleged trade dress for its Giant Four In A Row game is unique and distinctive and that P&P has protectable trade dress. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 24, and on that basis denies them.

  25. Apple Tree refers to the purported image of Apple Tree's alleged Four In A Row Trade Dress side-by-side with P&P's Giant Four In A Row Trade Dress, attached to the Complaint as Exhibit 8, and denies the allegations in paragraph 25 that are inconsistent with the contents of Exhibit 8. Apple Tree specifically denies that P&P has protectable trade dress and that Apple Tree's alleged four in a row game bears identical trade dress to P&P's Giant Four In A Row Trade Dress. Apple Tree further denies that Exhibit 8 depicts Apple Tree's product. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 25, and on that basis denies them.

///

## RED AND BLUE CORNHOLE SET TRADE DRESS

26. Apple Tree refers to the image of P&P's Red and Blue Cornhole Set, attached to the Complaint as Exhibit 9, and denies the allegations in paragraph 26 that are inconsistent with the contents of Exhibit 9. Apple Tree specifically denies that P&P's alleged trade dress for its Red and Blue Cornhole Set is distinctive and unique and that P&P has protectable trade dress. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 26, and on that basis denies them.

27. Apple Tree refers to the purported image of Apple Tree's alleged Cornhole Trade Dress side-by-side with P&P's Red and Blue Cornhole Trade Dress, attached to the Complaint as Exhibit 10, and denies the allegations in paragraph 27 that are inconsistent with the contents of Exhibit 10. Apple Tree specifically denies that P&P has protectable trade dress and that Apple Tree's alleged cornhole game bears identical trade dress to P&P's Red and Blue Cornhole Trade Dress. Apple Tree further denies that Exhibit 10 depicts Apple Tree's product. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 27, and on that basis denies them.

## PVC FRAMED RED & BLUE CORNHOLE SET TRADE DRESS

28. Apple Tree refers to the image of P&P's PVC Framed Red & Blue Cornhole Set, attached to the Complaint as Exhibit 15, and denies the allegations in paragraph 28 that are inconsistent with the contents of Exhibit 15. Apple Tree specifically denies that P&P's alleged trade dress for its PVC Framed Red & Blue Cornhole Set is distinctive and unique and that P&P has protectable trade dress. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 28, and on that basis denies them.

29. Apple Tree refers to the purported image of Apple Tree's alleged PVC Cornhole Trade Dress side-by-side with P&P's PVC Red and Blue Cornhole Trade Dress, attached to the Complaint as Exhibit 16, and denies the allegations in

paragraph 29 that are inconsistent with the contents of Exhibit 16. Apple Tree specifically denies that P&P has protectable trade dress and that Apple Tree's alleged PVC cornhole game bears identical trade dress to P&P's PVC Red and Blue Cornhole Trade Dress. Apple Tree further denies that Exhibit 16 depicts Apple Tree's product. Apple Tree is without knowledge or information sufficient to admit or deny the remaining allegations set forth in paragraph 29, and on that basis denies them.

30. Deny.

31. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 31, and on that basis denies them.

32. Deny.

33. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 33, and on that basis denies them.

34. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 34, and on that basis denies them.

35. Deny.

### DEFENDANT'S WRONGFUL ACTIVITIES

36. Deny.

37. Deny.

38. Deny.

39. Deny.

### Intentional Copying and Use of P&P'S TRADE DRESS

40. Apple Tree refers to the letter, attached to the Complaint as Exhibit 3, and denies the allegations in paragraph 40 that are inconsistent with the contents of the letter. Apple Tree denies all remaining allegations in paragraph 40.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

## Intentional Conduct

46. Deny.

47. Deny.

48. Deny.

## Evidence of Actual Confusion

49. Apple Tree refers to the purported negative review, attached to the Complaint as Exhibit 11, and denies the allegations in paragraph 49 that are inconsistent with the contents of Exhibit 11. Apple Tree refers to the purported copy of Apple Tree's alleged Black Cornhole Set side-by-side with P&P's Black Cornhole Set, attached to the Complaint as Exhibit 12, and denies the allegations in paragraph 49 that are inconsistent with the contents of Exhibit 12. Apple Tree denies the remaining allegations set forth in paragraph 49.

50. Apple Tree refers to the purported communications and order information from a customer, attached to the Complaint as Exhibit 13, and denies the allegations in paragraph 50 that are inconsistent with the contents of Exhibit 13. Apple Tree denies the remaining allegations set forth in paragraph 50.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

## P&P's Damages, Restitution, and Economic Harm

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

## CLAIMS FOR RELIEF

### Count 1

### (Copyright Infringement under Federal Law)

63. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 62, as if fully set forth herein.

64. Deny.

65. Apple Tree is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 65, and on that basis denies them.

66. Deny.

67. Deny.

### Count 2

### (False Advertising Under the Lanham Act)

68. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 67, as if fully set forth herein.

69. Deny.

70. Deny.

### Count 3

### (Unfair Competition, False Advertising, and Unfair and Deceptive Trade Practices – California Common Law)

71. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 70, as if fully set forth herein.

72. Deny.

### Count 4

### (Unfair Competition, False Advertising, and Unfair and Deceptive Trade Practices – California Statutory Law)

73. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 72, as if fully set forth herein.

74. Deny.

## Count 5

### (Trade Dress Infringement under Federal Law)

75. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 74, as if fully set forth herein.

76. Deny.

## Count 6

### (Trade Dress Infringement under California Law)

77. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 76, as if fully set forth herein.

78. Deny.

## Count 7

### (Unfair Competition under the Lanham Act)

79. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 78, as if fully set forth herein.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

## INJUNCTIVE RELIEF

84. Paragraph 84 does not contain allegations and as such Apple Tree believes that no response is required to paragraph 84. To the extent a response is required, Apple Tree denies the allegations in paragraph 84.

## DAMAGES AND RESTITUTION

85. Apple Tree repeats and incorporates by reference its responses to paragraphs 1 to 84, as if fully set forth herein.

86.  Deny.
   A.  Deny.
   B.  Deny.
   C.  Deny.
   D.  Deny.
87.  Deny.
88.  Deny.
89.  Deny.

## ATTORNEY'S FEES

90.  Deny.

## PUNITIVE DAMAGES

91.  Deny.

## PRAYER FOR RELIEF

Apple Tree Denies that P&P is entitled to any of the relief it seeks in the Complaint, and requests that the Court deny P&P's Prayer for Relief in all respects.

## AFFIRMATIVE DEFENSES

Apple Tree has not completed its investigation of the allegations made in P&P's Complaint, its discovery in this matter, or it preparation for trial. Defendant alleges the following affirmative defenses, reserving all rights to allege additional defenses that become known through the course of discovery and noting that the assertion of these defenses does not admit that Defendant bears the burden of proof.

### First Affirmative Defense
### (Fair Use)

1.  P&P's claims are barred, in whole or in part, by the doctrine of fair use.

### Second Affirmative Defense
### (License, Consent, Acquiescence, Waiver, Laches, Unclean Hands, Estoppel)

2.  P&P's claims are barred, in whole or in part, by license, consent, acquiescence, waiver, laches, unclean hands and/or estoppel.

**Third Affirmative Defense**

**(Copyright Misuse)**

3. P&P's claims are barred, in whole or in part, by the doctrine of copyright misuse.

**Fourth Affirmative Defense**

**(Nominative Use)**

4. P&P's claims are barred, in whole or in part, by the doctrine of nominative use.

**Fifth Affirmative Defense**

**(Trademark Misuse)**

5. P&P's claims are barred, in whole or in part, by the doctrine of trademark misuse.

**Sixth Affirmative Defense**

**(Trade Dress Invalidity)**

6. P&P does not possess any valid and enforceable trade dress rights. Plaintiff's trade dress is functional, generic, not inherently distinctive, and lacks secondary meaning.

**Seventh Affirmative Defense**

**(Good Faith)**

7. P&P's claims are barred, in whole or in part, because Apple Tree's conduct was reasonable, justified, in good faith and/or innocent.

**Eighth Affirmative Defense**

**(Fault of Another & Plaintiff/Intervention)**

8. P&P's claims are barred, in whole or in part, because any damages allegedly suffered by P&P were either wholly or in part the legal fault of persons, firms, corporations, or entities other than Defendant, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Apple Tree.

///

**Ninth Affirmative Defense**

**(Speculative Damages)**

9. P&P's claims are barred, in whole, or in part, because P&P's damages, if any, are vague, uncertain, imaginary, and speculative.

**Tenth Affirmative Defense**

**(Constitutional Limits)**

10. The Complaint, to the extent that it seeks punitive and/or statutory damages against Apple Tree, violates Apple Tree's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution (as well as the excessive fines provisions of the Constitutions) because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery and/or any assessment of statutory damages would grossly exceed any actual damages to P&P. Therefore, P&P cannot recover statutory and/or punitive damages against Apple Tree.

**Eleventh Affirmative Defense**

**(Failure to State a Claim for Relief)**

11. The Complaint, and each of its claims for relief, fails to state a claim against Defendant upon which relief can be granted.

**Twelfth Affirmative Defense**

**(Failure to Mitigate)**

12. Without admitting that the Complaint states a claim or that damages exist, P&P's claims are barred, in whole or in part, by P&P's failure to mitigate damages.

**Thirteenth Affirmative Defense**

**(Lack of Causation)**

13. Without admitting that the Complaint states a claim or that damages exist, P&P's claims fail because Apple Tree was not the actual or proximate cause of

any damages to P&P.

## Fourteenth Affirmative Defense

### (No Damage)

14. P&P's claims are barred because it has suffered no injury or damage by reason of anything done by Apple Tree and P&P is thus barred from asserting any cause of action against Apple Tree.

## Fifteenth Affirmative Defense

### (No Punitive Damages)

15. P&P cannot recover punitive damages based on the facts alleged in the Complaint because P&P has failed to plead and cannot establish sufficient facts to support allegations of malice, oppression, fraud or despicable conduct as required to recover punitive damages under California Civil Code Section 3294.

## Sixteenth Affirmative Defense

### (Lack of Registration)

16. P&P cannot pursue a claim for copyright infringement because it appears the purported registration on which P&P relies is not a registration for the alleged work of authorship that is the subject of P&P's claim for copyright infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Apple Tree prays for judgment as follows:

1. That P&P take nothing by way of its Complaint, and that the Complaint be dismissed with prejudice;

2. That Judgment be entered against P&P and in favor of Apple Tree;

3. That Apple Tree be awarded its full costs and reasonable attorneys' fees; and

4. For any further relief that the Court may deem just and proper.

///

///

## DEMAND FOR JURY TRIAL

Apple Tree hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: February 6, 2019  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: */s/ Marty B. Ready*
John R. Clifford, Esq.
Marty B. Ready, Esq.
john.clifford@wilsonelser.com
marty.ready@wilsonelser.com
Attorneys for Defendant
Apple Tree International Corp.

JOHN R. CLIFFORD, ESQ. (SBN 124203)
MARTY B. READY, ESQ. (SBN 239135)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 321-6200
Facsimile: (619) 321-6201
Email: john.clifford@wilsonelser.com
         marty.ready@wilsonelser.com

Attorneys for Defendant
Apple Tree International Corp.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P IMPORTS, LLC, a California Limited Liability Corporation, | Case No. 8:18-cv-01542 AG (KESx) |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | Judge:      Hon. Andrew J. Guilford<br>Location:  Courtroom 10D |
| APPLE TREE INTERNATIONAL CORP. and Does 1-10 Inclusive, | Magistrate: Hon. Karen E. Scott<br>Location:    6D |
| Defendants. | |

I, the undersigned, am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite 1900, San Diego, California, 92101.

On February 6, 2019, I caused to be served the following document(s):

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF P&P IMPORTS LLC'S FIRST AMENDED COMPLAINT**

☐   **BY PERSONAL SERVICE** - By placing a true and correct copy of the aforementioned document(s) in an envelope, correctly addressed to the recipient(s) listed for personal delivery to the recipient(s) at the address(es) so noted.

///

///

☒ **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC TRANSMISSION VIA ECF** – I electronically filed the foregoing document(s) with the Clerk of the Court through the CM/ECF system for the United States District Court, Southern District of California, which sent Notification of Electronic Filing to the persons listed. Upon completion of transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by the CM/ECF system.

☐ **BY FAX** - As follows: I personally sent to the addressee's telecopier number a true copy of the above-described documents. Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

| Attorneys for Plaintiff P&P Imports LLC | William E. Levin, Esq.<br>Steven M. Dicterow, Esq.<br>Levin & Dicterow<br>668 N Coast Hwy # 1264<br>Laguna Beach, CA 92651-1513<br>Tel: (949) 613-5131<br>Fax: (949) 607-5004<br>Email: williamlevin@hotmail.com<br>steve.dicterow@levinanddicterow.com |
|---|---|

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on February 6, 2019, at San Diego, California.

_Irene Gonzales_

2

CERTIFICATE OF SERVICE     8:18-cv-01542 AG (KESx)

1936283v.1