JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P Imports LLC, a California Limited Liability Corporation<br><br>    Plaintiff,<br><br>    v.<br><br>Apple Tree International Corp., a California corporation; Xiao Min, an individual; HongKong Segawe Limited, a foreign corporation, and Does 1-10 Inclusive<br><br>    Defendants. | **Case No.:** 8:18-cv-01542-JLS-ADS<br>Hon. Josephine L. Staton<br><br>**ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS** |

1

Plaintiff, P&P Imports LLC ("P&P") filed a complaint for permanent injunction and other relief against Defendants APPLE TREE INTERNATIONAL CORP. ("Apple Tree") and XIAO MIN, and has requested Leave to Amend to add HONGKONG SEGAWE LIMITED, (collectively referred to as "Defendants"), pursuant to 17 U.S.C. § 101 *et seq.*, and § 106, for copyright infringement, 15 U.S.C. § 1125 for false advertising, trade dress infringement, and unfair competition, Cal. & Bus. Prof. Code § 17200, *et seq.* for unfair competition, unfair and deceptive practices, and false advertising, and Cal. Bus. & Prof. Code § 17500 *et seq.* for false advertising, and California common law for unfair competition, false advertising, and unfair and deceptive trade practices. P&P and Defendants shall be collectively referred to as the "Parties."

The Parties have agreed to the entry of the following Stipulated Final Order for Permanent Injunction and Settlement of Claims ("Order") in settlement of P&P's Complaint against Defendants. The Court, being advised in the premises, finds:

## FINDINGS

1. The Court has jurisdiction over the Parties and the subject matter of this action, and enforcement of this Injunction and Order. Venue in the Central District of California is proper as alleged in the Complaint and as further stipulated to by the Parties.

2. The Complaint states claims upon which relief can be granted.

3. The Parties waive all rights to challenge or contest the validity of this Order.

4. Entry of this Order is in the public interest at least to prevent consumer confusion between P&P's goods and Defendants' goods, and to prevent further consumer confusion by preventing Defendants from using P&P's trade dresses or copyrighted works to sell Defendant's goods.

5. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon all Defendants, and their officers, agents, servants, employees and all other persons or entities in active concert or participation with them in whole or in part, who receive actual notice of this Order by personal service or otherwise, and their successors and assigns. For the avoidance of confusion, known entities in active concert with Defendants include but are not limited to the Shanghai Lowen Group, Yiwu Meiwang Limited, Ningbo Zeny Products, Shanghai Guanniu Limited, Cascade Trading Ltd., and Cherry Tree International Corporation. Defendants further agree that Shanghai Lowen Group, Yiwu Meiwang Limited, Ningbo Zeny Products, Shanghai Guanniu Limited, Cascade Trading Ltd., and Cherry Tree International Corporation have received actual notice of the Order by and through their agent Xiao Min, a defendant in the action.

6. P&P owns valid and enforceable copyrights in their photographs and artwork registered with the U.S. Copyright Office under Registration Number VA0002013842 entitled "P&P Imports 2016 Lookbook." A true and correct copy of the copyright registration certificate is attached hereto as Exhibit 1 and is incorporated herein by reference.

7. P&P owns valid and enforceable copyrights in their photographs and artwork registered with the U.S. Copyright Office under Registration Number Tx-8-463-350 entitled "P&P Imports Summer 2017 Lookbook." A true and correct copy of the copyright registration certificate is attached hereto as Exhibit 2 and is incorporated herein by reference.

8. P&P owns valid and enforceable copyrights in their photographs and artwork registered with the U.S. Copyright Office under Registration

Number Tx-8-447-293 entitled "P&P Imports Winter 2017 Lookbook." A true and correct copy of the copyright registration certificate is attached hereto as Exhibit 3 and is incorporated herein by reference.

9. P&P owns valid and enforceable trade dresses for their products including: SLAMMO®, Giant Four in a Row, Red and Blue Cornhole Set, and its PVC Framed Red and Blue Cornhole Set, which are defined below and shown in Exhibits 4-7 respectively, and are further incorporated herein by reference. Each of P&P's trade dresses include the non-functional design and detail of the respective products that result in the unique look and feel of each of the foregoing products that let consumer know that they are looking at a genuine P&P product.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1. "SLAMMO TRADE DRESS" means the trade dress of P&P's SLAMMO® round net game illustrated in Exhibit 4, attached hereto and incorporated herein by reference, which is the total visual impression created by the non-functional unique combination of its distinctive bright green legs and bright green balls with contrasting black pipe and net.

2. "GIANT FOUR IN A ROW TRADE DRESS" means the trade dress of P&P's Giant Four in a Row Game illustrated in Exhibit 5, attached hereto and incorporated herein by reference, which is the total visual impression created by the non-functional unique combination of its flat-white colored square board with evenly spaced round-hole cut-outs, bordered by a thin bas-relief bezel on all four sides, with two mirrored sculpted legs extending half way up the sides of the bezel and joined to it by tee joints which enfold part of the bezel to create a stiacciato relief

4

on the bezel and extend depth-wise slightly both frontwards and backwards, and which vertically extend slightly below the bezel where they are joined with the feet to create stiacciato relief between them on the outside edge, the feet extend depthwise from the legs with their flat-top extending into rounded shoulders and squared ends with an arch type shape cut into the bottom-center, which are all contrasted with the smooth, circular flat-red and flat-blue featureless chips game pieces.

3. "RED AND BLUE CORNHOLE TRADE DRESS" means the trade dress of P&P's Red and Blue Cornhole Set illustrated in Exhibit 6, attached hereto and incorporated herein by reference, which is the total visual impression created by the non-functional unique combination of a metallic border around the perimeter contrasting with a thin white border around the inside perimeter of the top side of the board, and which extends triangularly from the bottom-end into an unfinished pyramid capped with a circular hole outlined in white near the top-end of the board, the remaining area between the border and pyramid are contrasted with red color on one board and blue color on the other.

4. "PVC CORNHOLE TRADE DRESS" means the trade dress of P&P's PVC Framed Cornhole Set illustrated in Exhibit 7, attached hereto and incorporated herein by reference, which is the total visual impression created by the non-functional unique combination of red and blue canvas with four rounded concaved corners of the canvas which is framed with small, thin gauged white PVC piping that is visible near the four corners which are rounded and colored matched to the canvas, the PVC piping is joined with color matched joints.

5. "TRADE DRESSES" shall mean the above defined four trade dresses owned by P&P.

6. "2016 LOOKBOOK" shall mean the work entitled <u>P&P Imports 2016 Lookbook</u>, and all copyrightable materials therein.

7. "2017 SUMMER LOOKBOOK" shall mean the work entitled <u>P&P Imports Summer 2017 Lookbook</u> and all copyrightable materials therein.

8. "2017 WINTER LOOKBOOK" shall mean the work entitled <u>P&P Imports Winter 2017 Lookbook</u> and all copyrightable materials therein.

9. P&P's COPYRIGHTED WORKS shall mean all material copyrighted by P&P as of the date of this order, including the 2016 LOOKBOOK, the 2017 SUMMER LOOKBOOK, and the 2017 WINTER LOOKBOOK:

10. "INFRINGING FOOTBALL FIELD" shall mean Defendants' football cornhole game, product SKU number S01-1200-1, as identified on pages 5-8 & Exhibit 2 of the Second Amended Complaint.

11. "BASEBALL NET IMAGE" shall mean Defendants' Baseball Net Image, product SKU number T01-1020-G2, as identified on pages 8-9 and Exhibit 7 of the Second Amended Complaint.

12. "ROUND NET BALL GAME" shall mean Defendants' round net ball game, product SKU number T01-1017, as identified on pages 11-13 and Exhibit 9 to the Second Amended Complaint.

13. "GIANT FOUR IN A ROW" shall mean Defendants' giant four in a row, product SKU number T01-1013, as identified on pages 13-14 and Exhibit 11 to the Second Amended Complaint.

14. "RED AND BLUE CORNHOLE GAME" shall mean Defendants' red and blue cornhole game, product SKU number: S01-1200-2, as identified on pages 15-16 and Exhibit 13 to the Second Amended Complaint.

15. "PVC CORNHOLE GAME" shall mean Defendants' pvc cornhole

game, product SKU number: S01-1066 as identified on pages 16-19 and Exhibit 19 to the Second Amended Complaint.

16. "ACCUSED PRODUCTS" shall mean all products that are confusingly similar to any of P&P's TRADE DRESSES or any product that appropriates in any way any of P&P's COPYRIGHTED WORKS (regardless of Defendants' designation as being an F2C, ZENY, ZENY PRODUCTS, ZENSPORTS, ZENSTYLE, SMARTXCHOICES, CIROCCO,NOVA MICRODERMABRASION, SEGAWE, or LEMY product, or any other associated product name(s)) sold by, or on the behalf of or to the benefit of, any of the Defendants or their agents that are accused of infringement, including but not limited to: The football cornhole game: SKU S01-1200-01, The Baseball net: SKU T01-1020-G2, The round net game: SKU T01-1017, The giant four in a row: SKU T01-1013, The red and blue cornhole game: SKU S01-1200-2, and the pvc cornhole game: SKU S01-1066.

## PERMANENT INJUNCTION
### I.   P&P's TRADE DRESSES

**IT IS HEREBY ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary or parent, division, trade name, or other device, and their officers, agents, servants, employees and all persons or entities in active concert or participation with them, or who receive any benefit therefrom who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product bearing P&P's TRADE DRESSES or any trade dress that is likely to cause confusion as to source in the consuming public's mind, are hereby permanently restrained and enjoined from:

  A. Using P&P's TRADE DRESSES, or any other confusingly similar designation or trade dress in connection with the ACCUSED PRODUCTS, or any related goods or services.

  B. Competing unfairly with P&P by infringing upon P&P's TRADE DRESSES, including falsely advertising untrue and misleading facts and statements and claims about the ACCUSED PRODUCTS or appropriating any facts and statements from P&P about P&P or any of its products.

  C. Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above.

  D. Making, importing, distributing or selling any of the ACCUSED PRODUCTS.

## II. P&P's Copyrightable Works

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, employees and all persons or entities in active concert or participation with them or who receive any benefit therefrom who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of products or media are hereby permanently restrained and enjoined from:

  A. Using, reproducing, distributing, creating derivative works, transmitting, or broadcasting any of P&P's COPYRIGHTED WORKS, including but not limited to any of P&P's advertisements, photographs, artwork, text, product descriptions, including creating any works that are substantially similar to P&P's COPYRIGHTED WORKS using the meaning of substantially similar as defined under federal copyright statutes and case law.

  D. Making, importing, distributing or selling any product derived in

8

whole or in part from P&P's COPYRIGHTED WORKS.

In light of the recent transfer of this action from the Honorable Andrew J. Guilford to the Honorable Josephine L. Staton, the Court concludes that no efficiencies will be achieved by this Court's maintenance of jurisdiction, and the Court declines to retain jurisdiction after the dismissal with prejudice of this action.

**IT IS SO ORDERED**

Dated: April 17, 2020

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE